**HUNT OIL COMPANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION,**
Respondent.

No. 17256.

United States Court of Appeals
Fifth Circuit.

April 17, 1959.

Rehearing Denied June 3, 1959.

———◆———

Robert E. May, Washington, D. C., Ralph B. Shank, Edward L. Atkinson, Jr., George S. Finley, Dallas, Tex., for petitioner.

Willard W. Gatchell, Gen. Counsel, Howard E. Wahrenbrock, Solicitor, William W. Ross, Atty., Federal Power Comm., Washington, D. C., for respondent.

Before TUTTLE, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

This is a companion case to the four cases decided today which are styled Sun Oil Company v. Federal Power Commission, 5 Cir., 266 F.2d 222; Humble Oil & Refining Company v. Federal Power Commission, 5 Cir., 266 F.2d 235; Magnolia Petroleum Company v. Federal Power Commission, 5 Cir., 266 F.2d 234; and Richardson v. Federal Power Commission, 5 Cir., 266 F.2d 233.

In material respects the facts in this case are not different from those in Sun Oil Company v. Federal Power Commission, supra. In the Sun Oil Company case a new contract for supplying natural gas became effective upon the expiration of an earlier contract. Here a contract was cancelled before its expiration date and superseded by a subsequent agreement fixing a higher rate. The principles announced in the Sun Oil Company case are, a fortiori, applicable in this case. For the reasons assigned in the opinion in the Sun Oil opinion, the orders of the Federal Power Commission are

Affirmed.

JOHN R. BROWN, Circuit Judge (dissenting).

For dissenting opinion see Sun Oil Company v. FPC, 5 Cir., 1959, 266 F.2d 222, 227.

To that I would add the following:

I agree with the Court's implicit holding that Hunt did not have the right to terminate existing jurisdiction and power of the Federal Power Commission to regulate the initial contract by the agreed cancellation prior to its expiration date. But Hunt, like the others, was entitled to a new Certificate on the "new" contract on and after the expiration date originally fixed in the initial contract. To this denial my dissent, therefore, applies with equal force.

Rehearing denied: JOHN R. BROWN, Circuit Judge, dissenting.