**MAGNOLIA PETROLEUM COMPANY,**
Petitioner,

v.

**FEDERAL POWER COMMISSION,**
Respondent.

No. 17136.

United States Court of Appeals
Fifth Circuit.

April 17, 1959.

Rehearing Denied June 3, 1959.

William S. Richardson, Ross Madole, Frank C. Bolton, Jr., Dallas, Tex., for petitioner.

William W. Ross, Atty., Howard E. Wahrenbrock, Solicitor, Willard W. Gatchell, Gen. Counsel, Federal Power Commission, Washington, D. C., for respondent.

Before TUTTLE, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

This is a companion case to the four cases decided today which are styled Sun Oil Company v. Federal Power Commission, 5 Cir., 266 F.2d 222; Humble Oil & Refining Company v. Federal Power Commission, 5 Cir., 266 F.2d 235; Hunt Oil Company v. Federal Power Commission, 5 Cir., 266 F.2d 232; and Richardson v. Federal Power Commission, 5 Cir., 266 F.2d 233.

■ The factual aspects of this case which control the decision are not different from those in Sun Oil Company v. Federal Power Commission, supra. There is this difference, the Commission has not acted upon the original application of the Petitioner, Magnolia Petroleum Company, for a certificate of public

convenience and necessity for which application was made on February 25, 1957, at the same time as it filed its original contract with Southern Natural Gas Co. as a rate schedule. Under the Commission's Regulations the service for which authorization is sought shall be continued. 18 C.F.R. § 157.23. The activities of Magnolia Petroleum Company as a natural gas company are not exempt from regulation under the Natural Gas Act, 15 U.S.C.A. § 717 et seq., because its application for a certificate has not been acted upon.

█ The petitioner moved for a "correction" of the record by the inclusion of certain instruments and correspondence, copies of which are annexed to its motion, relating to the attempted filing of the second contract as an initial rate filing. By its motion the petitioner asks that the Court strike from the record certain instruments and correspondence between the petitioner and the Commission. The ruling on the motion was reserved by the Court pending submission of the case upon its merits. It seems that it would be proper to include in the record of this review the instruments and documents with which the petitioner would supplement the record. The Commission will not thereby be prejudiced, as it seems to fear, with respect to its contentions as to the issues presented by the record. We cannot say that it was improper or prejudicial to the petitioner to retain in the record the instruments and correspondence which the petitioner seeks to have stricken. While the Commission opposes the granting of the motion, it does not question the correctness of the copies which are annexed to the motion. Therefore, that portion of the motion seeking to supplement the record by the inclusion of the instruments and correspondence, of which copies are attached to the motion, is granted and the copies thereof so attached shall be taken as a part of the record. That portion of the motion seeking to strike portions of the record is denied.

On the merits, for the reasons assigned in the Sun Oil opinion, the orders of the Federal Power Commission are Affirmed.

JOHN R. BROWN, Circuit Judge (dissenting).

For dissenting opinion see Sun Oil Company v. Federal Power Commission, 5 Cir., 1959, 266 F.2d 222, 227.

Rehearing denied: JOHN R. BROWN, Circuit Judge, dissenting.